[No. 1859, December 23, 1916.]

HOLTHOFF v. FREUDENTHAL et al.

### SYLLABUS BY THE COURT.

1. In an action to quiet title under section 4387, Code 1915, possession under a deed from a grantor in possession is sufficient evidence of title to maintain the action.

P. 379

2. A motion to reopen a case for further proofs is addressed to the discretion of the trial court, which discretion will not ordinarily be disturbed.

P. 382

3. The "interest" required by Code 1915, § 4387, providing that suit may be brought to quiet title by any one having or claiming an interest therein, must be an interest in the title.

P. 379

Appeal from District Court, Doña Ana County; Medler, Judge.

Suit to quiet title by Henry C. Holthoff against Phœbus Freudenthal and others. From a judgment for plaintiff, the named defendant appeals. Affirmed.

N. C. FRENGER of Las Cruces, for appellant.

HOLT & SUTHERLAND of Las Cruces, for appellee.

## OPINION OF THE COURT.

PARKER, J.—Appellee brought an action to quiet title of a certain piece of land in Doña Ana county, N. M. He showed that he went into possession of the property under a warranty deed from his grantor, who was then in possession, and that he had continued to hold under his said deed for some time before the action was brought. At the close of the testimony for the appellee appellant moved for a nonsuit upon the grounds that appellee had not made out a prima facie case sufficient to support an action to quiet title. This motion was overruled, and thereupon appellant introduced evidence for the purpose of showing that appellee had failed to establish prima facie title in himself. This evidence was introduced for the purpose of showing that a certain paper title emanating from the incorporation of Mesilla was invalid, and for the purpose of showing that appellee's grantor could have had no title at the time she made the deed to the appellee. Counsel states in his brief that "in the nature of things Nellie R. Chaves could have no title to the particular premises now in question," and he relies upon three deeds which he introduced in evidence.

In regard to the first proposition it becomes immaterial in this case to determine whether the incorporation of Mesilla made a valid deed to appellee's grantor, because no reliance is placed upon the same by appellee.

In regard to the second proposition it is not pointed out in the brief, nor have we been able to ascertain from a reading of the record, just how the three deeds mentioned show that in the nature of things appellee's grantor could have had no title.

Appellee relies in this court, as he did in the court below, upon his deed from his immediate grantor, then in possession, and his holding and possession thereunder since receiving the conveyance.

Counsel for appellant argues that in a suit to quiet title the plaintiff must recover upon the strength of his own title, and that, in the absence of proof of absolute title, that is, one emanating from sovereignty, and good against the world, a nonsuit should be entered against

him.   He cites many cases in support of his contention, all of which we have examined.

Counsel for appellee take the position that possession under a deed, with claim of ownership, is sufficient evidence to establish a prima facie title in an action to quiet title, as against a defendant not showing a better title The issue, therefore, is very narrow and distinct.

[1]   The right asserted in this case is regulated by statute in all, or nearly all, of the states.   The present statutes are the outgrowth of two equitable doctrines which have long been firmly established, and which were presented by means of bills of peace, or bills to remove cloud from title.

[3]   Our statute (section 4387, Code 1915) is as follows:

"An action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto."

It is clear that the "interest" had or claimed in the land by plaintiff under this statute must be an interest in the title, else there is no title to quiet.  Stanton v. Catron, 8 N. M. 355, 45 Pac. 884.

The allegation in the complaint is that plaintiff is the owner in fee simple and in possession of the premises. As before stated, plaintiff relies upon possession under a deed from a grantor who also had possession.   In this connection possession becomes of the greatest importance as evidence of title.

"The possession of real estate is prima facie evidence of the highest estate in the property, to-wit, a seisin in fee." Hill v. Draper, 10 Barb. (N. Y.) 458.

See, also, Chamberlayne on Evidence, § 1192; 12 Ency. of Evid. pp. 539, 617; Jackson v. Waltermire, 5 Cow. (N. Y.) 299; Bradshaw v. Ashley, 180 U. S. 59, 21 Sup. Ct. 297, 45 L. Ed. 423; Loomis v. Roberts, 57 Mich. 284, 23 N. W. 816; Weeks v. Cranmer, 18 S. D. 441, 101 N. W. 32; South Chicago Brewing Co. v. Taylor, 205 Ill. 132, 68 N. E. 732.

Some of the cases cited by counsel for appellant well illustrate the importance of actual possession in proceedings of this kind. Thus in Knox v. Gibson, 23 Colo. App. 402, 128 Pac. 470, the plaintiff alleged that he was the owner and in possession of the land, but there was no attempt to prove actual possession, and from the record the court assumed that the land was vacant. The court said:

"Hence, if the plaintiff had possession at all, it must have been constructive possession and dependent entirely upon whether or not he proved title in himself."

In Empire Ranch, etc., Co. v. Webster, 52 Colo. App. 207, 121 Pac. 171, the plaintiff was in constructive possession only of the premises, he relying upon a title coming down through a trust deed from a person not shown to have had title from the government nor from any other source, nor shown to have had possession at the time the trust deed was executed. The court said:

"Plaintiff's title fails absolutely, and therefore there is no constructive possession. Prima facie title has not been made out, even within the meager requirements of Mitchell v. Titus, 33 Colo. 385, 80 Pac. 1042, and the court is not disposed to further relax the already liberal rule there announced. At most there is proof of prima facie claim of title merely. Had the evidence shown that Adams was in actual possession of the land when he executed the deed of trust, then a different case would be presented, and such fact might bring plaintiff within the rule laid down in Mitchell v. Titus, supra, and other decisions of this court, provided a legal foreclosure of that instrument had been effected."

In Mitchell v. Titus, 33 Colo. 385, 80 Pac. 1042, cited in the foregoing case, the evidence was that long prior to the inception of a tax title one Wolff, then in possession as owner of the property in question, made his warranty deed purporting to convey the same in fee to the plaintiff. At the time of the bringing of the action the property was vacant. The court said:

"This was prima facie proof of ownership in fee by plaintiff. * * * The ownership in fee of plaintiff in the lots carried with it the possession thereof for the purpose of this action, in the absence of actual entry and adverse possession taken by another."

Holthoff v. Freudenthal, 22 N. M. 377.

In Foster v. Clark, 21 Colo. App. 192, 121 Pac. 131, the plaintiff claimed title to the land in question under four tax deeds. The court excluded all of the deeds; as they were all void on their face for one reason or another. The court said:

"Tax deeds relied on by appellant being void on their face, the statute of limitations pleaded by appellant and urged here can avail him nothing; appellant having failed to prove title in himself, the trial court properly granted appellees' motion for nonsuit."

In cases of this kind, where it is necessary for the plaintiff, in order to show title at all, to introduce in evidence a tax deed, which the court holds to be void, it is clear that the commonly stated proposition that the plaintiff must show title or be subject to nonsuit is fully applicable. But in cases where the plaintiff relies upon a paper title emanating from a natural person. and which deed is regular on its face, and where the deed is accompanied by proof of possession in the grantor and in the plaintiff, grantee, this doctrine has no application, except in a general way.

In Shelton Logging Co. v. Gosser, 26 Wash. 126, 66 Pac. 151, the plaintiff relied upon a contract with the state of Washington to sell to his predecessor in title a certain tract of land described. The assignors of the plaintiff entered into possession of the property, and the plaintiff and his assignors had ever since used the same for booming purposes in connection with logging operations. The court said:

"We understand the rule to be that, in the absence of any showing to the contrary, possession as a matter of evidence prima facie establishes title"—citing cases. "When, however, it is shown, in addition to possession, what the title is under which such possession is claimed, the court is then required to pass upon such question as to whether or not the one so claiming has title, and incidentally as to the lawfulness of his possession. The title claimed by the plaintiff is through a contract with the state. Under it we have held that the appellant had no title to the land within the calls of lot 2. His possession then becomes immaterial as evidence of title. It may be that all the appellant was required to do in order to make out a prima facie case was to estab-

lish possession. Here, however, the appellant has gone further than the mere allegation of possession. It has deraigned its title by apt averments, and relies on possession by virtue of the ownership of such title; and from these averments the court is able to determine that it is a mere trespasser on tide land within lot 2, as it has no title to the same."

In most, if not all, of these cases it is pointed out that possession under a deed fair on its face is sufficient evidence of title in order to maintain actions of this kind. It is only where the plaintiff is out of possession or where for some other reasons he is compelled to submit to the court a paper title which turns out to be bad that the court will nonsuit the plaintiff. It is apparent that the question in this case is a question of evidence to support a finding that the plaintiff has title, as has heretofore been pointed out. The evidence in the case is sufficient to sustain the decree; there being actual possession under a deed, fair on its face, by one then in possession.

[2]    Counsel for appellant urges upon this court that it was an abuse of discretion for the district court to refuse to reopen the case upon his application. The application was filed several days after the case had been decided by the court in favor of appellee. He bases his application upon the allegation that he at the time he rested his case was confused as to the position relied upon by counsel for the appellee, and he did not comprehend the views of the court to the effect that possession of property at the time a warranty deed is given establishes a prima facie case in a suit to quiet title. Counsel admits that this motion was addressed to the discretion of the trial court, but claims that in view of all of the circumstances it was an abuse of discretion to deny the motion. It is very difficult for an appellate court to put itself in the same position that the trial court was in passing upon a motion of this kind. The court made itself clear to counsel when it said:

"They do not have to go behind their deeds. I do not think they have to go clear back behind there. A deed accompanied by possession and by a person who was in pos-

session at the time the deed was given is sufficient to transfer title."

This was a plain announcement of the views of the court about which there could be no mistake. If counsel did not fully comprehend the views of the court we do not see how this court can furnish him any relief. A discretion to grant relief of this kind must be left with the courts charged with the administration of the law in the first instance. This court will be loath to interfere with such discretion. This case is not one calling for such interference.

It follows that the judgment of the district court should be affirmed; and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.