[No. 2700.   Sept. 29, 1922.   Rehearing Denied Nov. 27, 1922.]

## STATE v. FOSTER

### SYLLABUS BY THE COURT

(1)   The matter of reopening a case for the introduction of additional testimony after the same has been submitted to the jury and the jury has retired to consider their verdict rests in the judicial discretion of the trial judge.        P. 274

(2)   Chapter 151, Laws 1919, is not a special law, and does not violate section 24, art. 4, Const. N. Mex.        P. 275

(3)   A paper in the files of a case purporting to be a motion for a new trial, but not constituting a part of the record, cannot be considered on appeal.        P. 275

(4)   A "special law" within Const. art. 4, § 24, prohibiting the enactment of certain classes of special laws, is one made for individual cases, or less than a class requiring laws appropriate to its peculiar condition and circumstances, or one relating to particular persons or things of a class.   P. 275

Appeal from District Court, Quay County; Bratton, Judge.

Clay Foster was convicted of the illegal sale of liquor, and he appeals.   Affirmed.

O. O. Askren, of East Las Vegas, for appellant.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

PARKER, J.   Appellant was tried and convicted of the illegal sale of liquor.   The prosecution fixed the date of the sale of the liquor as April 23d.   The appellant, besides denying the fact, relied upon an alibi which was thoroughly established if the testimony was to be believed.   The ability of the witnesses for appellant to fix the date depended upon the correctness of the date upon a bill for some sawmill supplies issued by a hardware merchant who sold the goods.   The prosecution, in rebuttal, attacked the date on the memorandum, and put on two witnesses to show that it had been forged, thus destroying the alibi.   The case went to the jury, and, just after they had retired to consider their verdict, the hardware merchant appeared in the courtroom, and thereupon the following colloquy occurred between counsel and the court:

"Mr. Askren:   At this time we move to reopen the case for the purpose of putting on Maddox, the man that made the original entry, for the purpose of clearing up that part showing it was the 23d day of April; that he has just appeared, and is now in the courtroom. The jury has not had an opportunity to deliberate, in order that justice might be rendered in this case.

"The Court:   Overruled.   The record may show that the jury has retired to their jury room.

"Mr. Askren:   We renew our announcement on the ground that it is absolutely in the discretion of the court, and we would like to tender the real entry which was the original entry in the books showing that date.

"The Court:   The jury having retired to their jury room, we do not feel disposed to call them back."

[1]   It is apparent that the testimony, if it verified the memorandum, was of vital importance to appellant. Without it his alibi was shaken, and he was in the position of having put forward a bogus and perjured defense.   It was concededly within the power and discretion of the court to recall the jury, reopen the case, and

State v. Foster, 28 N. M. 273

receive the testimony, and it certainly would have been in the interest of justice to do so. Just why the court refused to grant the application it is difficult to understand. But this matter rested in the discretion of the judge. Appellant was in default in not having his witness in court. He had no absolute legal right to have the case reopened. If his application could be put forward in such form as, under the circumstances, would move the discretion of the judge, well and good. If not, no absolute legal right of his was invaded. There may be cases where the exercise of discretion is so unjust and oppressive as to amount to an error of law, reviewable in this court, but, as we have frequently held, the discretion to grant this character of relief must be left to the trial courts, and their action will rarely be interfered with. See Hodges v. Hodges, 22 N. M. 192, 159 Pac. 1007; Holthoff v. Freudenthal, 22 N. M. 377, 162 Pac. 173; 26 R. C. L. "Trials," § 50.

[3] In this connection it is to be observed that there is in the files in the case a paper purporting to be a motion for a new trial, but the same is not a part of the record, and cannot be considered by us. It contains some recitals of fact, however, which, if they were before us, might cause us to make a different disposition of this matter.

[2, 4] The last point made by the appellant is that section 4 of chapter 151, Laws 1919, violates section 24, art. 4, of the state Constitution, which contains the inhibitions against certain classes of special laws. Chapter 151, Laws 1919, is the state prohibition law, and section 4 fixes the punishment for violations thereof, and provides that no district court or judge shall have power to suspend the imposition or execution of sentences under the act. A special law is one made for individual cases, or for less than a class requiring laws appropriate to its peculiar condition and circumstances (State v. A., T. & S. F. R. Co., 20 N. M. 562, 567, 151 Pac. 305), or one relating to particular persons or things of a class. Scarbrough v. Wooten, 23 N. M. 616, 619, 170 Pac. 743. The act in question is in no sense a spe-

cial law, and does not come within the inhibitions of the constitutional provision cited, nor does the last clause thereof, providing that, ''in every other case where a general law can be made applicable no special law shall be enacted'' have any application here for the same reason.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

RAYNOLDS, C. J., concurs.