LYTE v. DISTRICT COURT OF SALT
LAKE COUNTY et al.

No. 5842. Decided December 5, 1936. (62 P. [2d] 1117.)

*J. R. Haas* and *N. E. Callister,* both of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *H. D. Lowry* and *B. E. Roberts,* Deputy Co. Attys., both of Salt Lake City, for defendants.

ELIAS HANSEN, Chief Justice.

Defendants have filed a petition for rehearing and a brief in support thereof. It is again urged that the Legislature may, without offending against the constitutional inhibition against special legislation, make classifications so long as such classifications are not "fanciful, capricious, ■ arbitrary, or unnatural." That the Legislature has such power is the uniform holding of the courts. *State* v. *Holtgreve,* 58 Utah 563, 200 P. 894, 26 A. L. R. 696; *Blackmarr* v. *City Court of Salt Lake City,* 86 Utah 541, 38 P. (2d) 725. The converse is equally well established, viz.: The classification to be upheld "requires something more than a mere designation by such characteristics as will serve to classify." *State ex rel. Richards* v. *Hammer,* 42 N. J. Law, 435.

"The true practical limitation of the legislative power to classify is that the classification shall be upon some apparent natural reason,—some reason suggested by necessity, by such a difference in the situation and circumstances of the subjects placed in different classes as suggest the necessity or propriety of different legislation with respect to them." *Nichols* v. *Walter,* 37 Minn. 264, 33 N. W. 800, 802.

So, also, "differences which would serve for a classification for some purposes furnish no reason whatever for a classification for other purposes." 6 R. C. L. 383, 384; *State* v. *Loomis,* 115 Mo. 307, 22 S. W. 350, 21 L. R. A. 789; State ex. rel. *Kellogg* v. *Currens,* 111 Wis. 431, 87 N. W. 561, 56 L. R. A. 252. Applying these principles to the case in hand, it is proper to inquire: What apparent natural reason, or reason suggested by necessity, is there for permitting more

than one offense to be charged against one suspected of having offended against the Liquor Control Act ■ (Laws 1935, c. 43) that does not apply to those suspected of having committed some other kind of offenses? What necessity or propriety is there in charging two or more offenses against one who is believed to have offended against one or more of the provisions of the Liquor Control Act that does not equally apply to those accused of committing offenses against other acts? We are at a loss to find any substantial reason for making a distinction between the number of charges that may be included in one complaint involving an infraction of the Liquor Control Act that is not equally applicable to many, if indeed not all classes of offenses. Counsel for defendants express alarm over the result that may flow from the doctrine announced in the opinion heretofore written in this cause. They make several suggestions, such as: What is going to happen to the statutory rule that possession of recently stolen property by an accused without satisfactory explanation shall be prima facie evidence of guilt? Does not the doctrine of the decision heretofore rendered in this cause preclude the Legislature from providing that different sentences shall be imposed for different crimes, etc? If the decision announces any such or similar doctrine, counsel may well be alarmed. We do not believe that any principle of law announced, or conclusion reached, in the former opinion leads to any such dire results. The statute with respect to the evidentiary value of recently stolen property in the possession of one charged with larceny is based upon natural reason. Such a rule of evidence from the very nature of things could have no application to any other class of crimes, and, hence, of necessity, must be limited in its application. So, also, is it consistent with reason and propriety that punishment for crime shall be commensurate with the seriousness of the crime.

Defendants have cited a number of cases which they claim are against the views expressed in the original opinion. There was involved in the case of *Cardillo* v. *People,* 26 Colo.

355, 58 P. 678, a statute which provided that if any person other than an employee in the business should be permitted to remain in a saloon during hours when by law saloons must be closed, such fact should be prima facie evidence that the saloon was kept open by the proprietor. The Supreme Court of Colorado held that such law did not offend against the constitutional provision which prohibits the General Assembly from passing like or special laws changing the rules of evidence. The statute there brought in question was general in its scope. It applied to all saloons alike. Of necessity such rule of evidence could not be made applicable to crimes generally. Of similar import are the following other cases cited by defendants: *Anthony* v. *Commonwealth,* 142 Va. 577, 128 S. E. 633; *Keith* v. *Commonwealth,* 197 Ky. 362, 247 S. W. 42; *State* v. *Lundgren,* 124 Minn. 162, 144 N. W. 752, Ann. Cas. 1915B, 377. In the case of *State* v. *Foster,* 28 N. M. 273, 212 P. 454, it was held that a law which prohibited the suspension of imposition or execution of a sentence upon one convicted of an offense against the prohibition law did not offend against the constitutional provision inhibiting certain classes of special laws. The power to fix the punishment which shall be imposed upon those convicted of crime is essentially a legislative function. Apparently at the time the foregoing case was decided such power as the courts of New Mexico had to suspend sentences was derived from the Legislature. In such case it is not difficult to understand why the Supreme Court of New Mexico should hold that a law which prohibits the courts from exercising that power in certain classes of cases did not offend against the constitutional provision prohibiting class legislation. Not only the extent of punishment, but the certainty that the punishment provided for will be imposed and executed in all or in the particular class of cases is a matter for the lawmaking power to determine. In any event, we do not regard the law announced in that case as in any sense opposed to the views expressed by us in the instant case. A further review of the cases cited by defendants would serve no useful purpose.

They may all readily be distinguished from the case in hand. The doctrine contended for by defendants, if carried to its logical conclusion, would permit the Legislature to provide a separate Code of Criminal Procedure for each class of crimes. The purpose of the constitutional provisions here brought in question were intended to prohibit the Legislature from doing that. A re-examination of the authorities in the light of the arguments made in support of the petition for rehearing confirms our views that section 189 of the Liquor Control Act (Laws 1935, c. 43) is unconstitutional.

The petition for rehearing is denied.

FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, J., being disqualified herein, did not participate.