162 P.2d 782

**HOLLOMAN v. HOLLOMAN.**

No. 4912.

Supreme Court of New Mexico.

Oct. 19, 1945.

Lee R. York, of Hobbs, for appellant.
C. M. Neal, of Hobbs, for appellee.

SADLER, Justice.

The defendant seeks review of a decree rendered against him below awarding the plaintiff, his wife, an absolute divorce, directing a division of the community property, awarding certain alimony to the wife and providing support for a minor child whose custody was given to the plaintiff. While seven separate errors are assigned, they reduce themselves to three for purposes of presentation in argument. They are (1) that the trial court's finding of cruel treatment, one of the grounds for divorce relied upon, lacks substantial support in the evidence; (2) that the trial court abused its discretion in making the award of alimony it did, and (3) that the refusal of the trial court to permit the case to be reopened and allow the filing of an amended answer and cross-complaint by defendant represents an abuse of discretion warranting a reversal. Other errors are hinted at but not set up for argument under points and will not be separately treated, save in the single instance relating to non-support as a ground for divorce. The three claims of error mentioned will be discussed and resolved in the order above stated.

First, the defendant says the finding of cruel treatment lacks substantial support in the evidence. The paragraph of the complaint setting up grounds of divorce reads as follows: "5. That the defendant has refused and does refuse to support plaintiff and her minor children in a manner *consisting* with their station in life and has conducted himself in such a manner as to amount to extreme cruel and inhuman treatment of the plaintiff in that defendant has become enamored with other women than plaintiff and has consorted with them at places where he knew plaintiff would see him and further conducted himself, in regard to such actions that his conduct amounts to extreme mental cruelty."

The trial court's finding of fact No. 6 recites that prior to separation of the parties, the defendant became enamored of a woman living diagonally across the street from their home, received telephone calls from her and had openly consorted and lived with her. Without attempting to detail the evidence on the issue, we dispose of the claim of error by stating that it furnishes substantial support for the finding. In addition, there is an absence of any denial by defendant in the answer filed of the allegations of cruelty contained in the complaint. Indeed, about the only argument he advances to support his contention in this connection is that plaintiff failed to establish physical cruelty, as for instance, an impairment of her health by reason of the acts found to constitute cruelty. We think such a finding is un-

essential to support a decree of divorce on the ground of cruelty under our statute. We realize there is a division of authority on the subject but for this jurisdiction we favor the more humane and modern rule which characterizes as actionable cruelty any treatment of one spouse by the other which is reasonably calculated to destroy the peace of mind and happiness of the injured party, and to endanger the health or utterly defeat the legitimate objects of the marriage. 17 Am.Jur. 189, § 80, under "Divorce and Separation"; 27 C.J.S., § 25, p. 544, under "Divorce"; Barnes v. Barnes, 95 Cal. 171, 30 P. 298, 16 L.R.A. 660; MacDonald v. MacDonald, 155 Cal. 665, 102 P. 927, 25 L.R.A.,N.S., 45; Hink v. Hink, 131 Okl. 164, 268 P. 282; Graham v. Graham, 184 Okl. 123, 85 P.2d 314. Such a view seems preferable to the strict rule which requires actual impairment of health, especially in a jurisdiction such as ours, which names mere "incompatibility" as a ground of divorce. 1941 Comp. § 25-701(8). See Poteet v. Poteet, 45 N.M. 214, 114 P.2d 91. Indeed, some of the language of our opinion in the Poteet case shows a leaning toward this view.

It also may be mentioned that there is a finding of nonsupport by the trial court which, although challenged by desultory argument, stands in the record without an exception and based on an undenied allegation of the complaint. This finding alone supports a decree of absolute divorce.

Next, the defendant says the trial court abused its discretion in awarding the alimony it did. In this conclusion, we are unable to concur. It seems the defendant was engaged in the operation of a filling station through a full partnership arrangement with his brother which yielded him a handsome income of approximately $400 per month. Defendant's interest therein was community property. It was retained by him in the division of the community ordered by the court. A house and lot with its furnishings (Lot 22, Block 4 Original Town of Hobbs) was set over to plaintiff in trust for the five year old minor child. The residence property in Hobbs (Lots 10 and 11, Block 101, Highland Park Addition) occupied by the wife and child at time of the trial and the furnishings in it, but subject to a purchase-money mortgage of $1,280, were awarded to plaintiff, along with title to a 1941 Chevrolet coach, valued at $1,000, and three horses valued by defendant at $225, plus a cash award of $400, from which she was to pay an attorneys fee of $200. In addition, the defendant was ordered to pay $40 per month to the plaintiff for the support of the minor child. The defendant makes no complaint about the award of support money for the child.

In view of the fact that all property possessed by the parties was community property, and that after making allowance for the value of plaintiff's community interest therein of one-half, the alimony award to her on the basis of value, over and above the indebtedness, was less than $500 in amount, we are wholly unable to see any abuse of discretion in the trial court's action. Finding no abuse, there is no error.

Likewise and finally, the claim of error in the refusal of the trial court to order the case reopened to permit the filing of an amended answer and cross-complaint by the defendant is without merit. The motion to reopen the case was signed by defendant's counsel appearing for him in this court but who did not appear for him at the trial. It was not even claimed that the facts set up in the amended answer and cross-complaint were unknown to defendant at the time of the trial. Indeed, the motion itself discloses they were known to him and he seeks to excuse his failure to present them, in effect, upon the ground that he wished to avoid creating a scandal. The trial court, after finding that defendant was represented by competent counsel at the trial, denied the motion to reopen the case and permit the filing of an amended answer and cross-complaint. We see no error in the trial court's action. Holthoff v. Freudenthal, 22 N.M. 377, 162 P. 173; State v. Foster, 28 N.M. 273, 212 P. 454 and Board of Trustees of Town of Torreon Land Grant v. Garcia, 32 N.M. 124, 252 P. 478.

Finding no error, the decree reviewed will be affirmed and the cause remanded with direction to the trial court to enter proper judgment against the defendant and the sureties on his supersedeas bond.

It is so ordered.

MABRY, C. J., and BICKLEY, LUJAN, and BRICE, JJ., concur.