The STATE of Utah, Plaintiff
and Respondent,

v.

Anthony SPEER, Defendant
and Appellant.

No. 20418.

Supreme Court of Utah.

May 1, 1986.

John T. Caine, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

Following a jury trial, defendant Anthony Speer was convicted of aggravated sexual abuse of a child, a first degree felony, in violation of section 76–5–404.1 of the Code. He was subsequently sentenced to a minimum mandatory prison term of three years to life. Speer appeals, arguing both that the evidence was insufficient to sustain the conviction and that the introduction of the child victim's out-of-court statements denied him his constitutional right to confront the witness against him. We affirm.

On February 6, 1984, the victim's mother left her four children, including her six-year-old daughter, at the apartment of Mrs. Dean, a neighbor who had agreed to watch them. Mrs. Dean then temporarily left these four children, along with her own four children, in the care of her live-in boyfriend, defendant Anthony Speer. Speer had known the six-year-old child for several years.

According to the child's trial testimony, she and Speer were watching television on the couch in the front room. The little girl was the only child present. Speer closed the drapes, covered them both with a blanket, unzipped the child's pants, placed his hand up her shirt and down her pants inside her underwear, and touched her "potty." Speer then told the child not to tell her mother, and she promised not to do so.

Around March 30, 1984, the victim told one of Mrs. Dean's children about the incident. That child then told her mother, Mrs. Dean, who had broken off her relationship with Speer earlier in March. Because the victim's mother was upset by the news, Mrs. Dean contacted both the Division of Family Services and the Ogden police.

The matter came on for trial in early December, 1984. The child victim took the stand and testified about the incident. During cross-examination, defense counsel attempted to undermine the credibility of the victim's testimony by bringing out inconsistencies between her in-court testimony and her testimony at the preliminary hearing. During this questioning, the victim admitted that at the preliminary hearing, she had said that she made up part of the story initially told to Mrs. Dean's child. On redirect, the victim stated that the story as told at trial was true. She further testified that she could not remember what portion of the story told to Mrs. Dean's child was made up. Further cross- and redirect examination failed to clarify the matter.

Over defense counsel's objection, the court permitted the victim's mother, the police officer who initially investigated the matter, and the detective to whom the child made an official statement to testify about the substance of the child's out-of-court statements. In admitting the evidence, the trial judge observed that the testimony of these witnesses was being used solely to support the credibility of the child's trial testimony, in light of the apparent conflict between her in-court and preliminary hearing testimony. The court also cautioned that the hearsay testimony of the three witnesses did not constitute "independent evidence in any way."

As the trial progressed, the victim's mother and two of the child's teachers testified about behavioral changes and school problems the victim began exhibiting around the time of the incident. The mother also testified about a conversation she had with Speer in which they discussed the first degree felony charge pending against him. In that conversation, she had remarked to Speer that she thought the penalty was high where no sexual intercourse was involved, and Speer had replied, "Yeah, I didn't do that much." The mother testified that she did not pursue the subject, but interpreted the statement as an admission of guilt.

Speer took the stand and denied the entire incident, stating that he was on the couch watching TV and that the only contact he had with the girl was when she tickled his feet. The jury found Speer guilty of forcible sexual abuse of a child.

Speer's appeal turns on whether there was sufficient evidence for a jury to convict him of "touch[ing] the ... genitalia ... or ... breast of a female child ... under the age of 14 ... with the intent to arouse or gratify the sexual desire of any person" while defendant was occupying a "position of trust" as a babysitter. U.C.A., 1953, § 76–5–404.1(1) and (3)(h) (Repl.Vol. 8B, 1978, Supp.1985). Speer maintains that when the jury balanced the child victim's inconsistent and confusing in-court testimony against his own consistent denial of the charge, a reasonable doubt as to his guilt was raised as a matter of law. Speer further argues that since he could not have been convicted on the victim's confused in-court testimony alone, his conviction can be sustained only if the out-of-court statements of the victim were admitted as direct evidence of the crime. He then attacks the admission of those out-of-court statements, contending that their use as direct evidence of the crime effectively denied him his constitutional right to confront the witnesses against him as guaranteed by both the state and the federal constitutions. *See* U.S. Const. amend. VI; Utah Const. art. I, § 12.

■ There are several flaws in Speer's reasoning. First, even if the victim's in-court testimony were the only evidence of the crime considered by the jury, we cannot say as a matter of law that there was insufficient evidence to sustain the conviction. Speer's contrary assumption is based

on a misperception of the standard for reviewing sufficiency-of-the-evidence claims. In examining the jury's decision to convict, "we review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury." *State v. Petree*, Utah, 659 P.2d 443, 444 (1983). We do not substitute our judgment for that of the jury, the unique function of which is to evaluate the evidence and assess the credibility of the witnesses. *State v. Lamm*, Utah, 606 P.2d 229, 231 (1980). Our inquiry will go no further than is necessary to determine that some evidence, including reasonable inferences drawn therefrom, supports the jury's findings on each element of the crime. *State v. Booker*, Utah, 709 P.2d 342, 343 (1985).

Under this standard, Speer's argument fails. The conflict between the child victim's testimony at the preliminary hearing and at trial did not render the record evidence as a whole so inconclusive as to warrant reversal. The jury could have reasonably believed that the child victim had told her young friend something that was untrue, but that the story she told at trial was truthful. If the jury believed the child's testimony, there was ample evidence upon which to base a finding of guilt.

Speer next argues that the victim's out-of-court statements were hearsay, and that section 76–5–411 of the Code, which permits otherwise inadmissible hearsay statements of child sexual abuse victims to be admitted into evidence under limited circumstances, violates a defendant's constitutional right to confront witnesses. U.C.A., 1953, § 76–5–411 (Repl. Vol. 8B, 1978, Supp.1985). Admittedly, the trial judge stated that the victim's statements were admissible under section 76–5–411. However, the trial judge also commented that the statements were admitted for the sole purpose of rehabilitating the victim's credibility by showing prior consistent statements. And he so informed the jury. Rule 801(d)(1)(B) of the Utah Rules of Evidence provides that a statement is not hearsay if "the declarant testifies at the trial ... and is subject to cross-examination concerning the statement and the statement is ... consistent with [the witness's] testimony and is offered to rebut an express or implied charge ... of recent fabrication ...." *See also McCormick on Evidence* § 251, at 746–97 (3d ed.1985); *cf. State v. Asay*, Utah, 631 P.2d 861, 864 (1981).

The statements admitted in this case to establish that the child had told a story prior to the preliminary hearing consistent with her testimony at trial were clearly not hearsay under Rule 801 and were properly admitted. The trial judge's reference to section 76–5–411 as an additional basis for allowing the evidence to be admitted was therefore harmless error. Moreover, since the statements were properly admitted as nonhearsay, we need not reach Speer's contentions respecting the validity of section 76–5–411 or its effect upon the exercise of his constitutional rights.

The conviction is affirmed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.