Dale **THOMPSON, and Susan Ramsey,**
**Plaintiffs and Appellants,**

v.

**SALT LAKE CITY CORPORATION,**
**Defendant and Respondent.**

No. 19481.

Supreme Court of Utah.

Aug. 12, 1986.

959

Lorin N. Pace, Salt Lake City, for plaintiffs and appellants.

Ted Cannon, County Atty., Roger F. Cutler, Asst. County Atty., Ray L. Montgomery, Jr., Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

Plaintiffs sought to compel the defendant to provide water service. From a judgment of dismissal of their complaint in the district court, plaintiffs appeal.

Plaintiffs applied for water service to their leased premises and tendered the required deposit of $50.00. The defendant denied their application based upon the provisions of Salt Lake City, Utah, Rev. Ordinances § 49–6–1 (1981), which require the property owner to sign the application for water and agree to be ultimately responsible for payment for all water provided. The owner of the property, plaintiffs' landlord, refused to sign the application and agreement.

Plaintiffs advance two points on appeal: (1) that defendant has a legal duty to provide water service to all members of the public who comply with reasonable rules; and (2) that the provisions of section 49–6–1 are arbitrary, unreasonable, and discriminatory, and are thus invalid and unenforceable as a matter of law.

■ As a municipal corporation, defendant is authorized to operate a waterworks.[1] However, it does not engage in the activity as a public utility, but is specifically excluded from that status.[2] Hence, it does not have a legal duty to provide water service to all members of the public, nor is it subject to regulation by the Public Service Commission.[3]

■ In order to satisfy the requirements of equal protection,[4] a law must apply equally to all persons within a class, and the classification and the different treatment given the class must be based upon differences that have a reasonable tendency to further the objectives of the law.[5]

■ The ordinance, section 49–6–1, enacted by defendant tracks the language of U.C.A., 1953, § 10–7–10 (Repl.Vol. 2A, 1973 ed.), which authorizes municipalities to require owners of property to sign and be responsible for water service to their premises.[6] Both the statute and the ordinance are directed at the owners of property. All owners of property must sign and agree to be responsible for water service before water will be served to their property. The owners are afforded the option of requiring their tenants to be initially responsible for payment. This is accomplished by permitting the tenant to sign with the owner and to pay the deposit fee which inures to the benefit of the owner in the event the tenant fails to pay. However, the property owner remains ultimately responsible for pay-

1. Utah Const. art. XI, §§ 5 & 6; U.C.A., 1953, § 10–8–14(1) (Repl.Vol. 2A, 1983 ed., Supp. 1985).

2. U.C.A., 1953, § 54–2–1(20)(a), (35) (Repl.Vol. 6A, 1974 ed., Supp.1986).

3. *County Water Sys., Inc. v. Salt Lake City Corp.,* 3 Utah 2d 46, 53–54, 278 P.2d 285, 291 (1954).

4. Utah Const. art. I, § 24.

5. *Malan v. Lewis,* 693 P.2d 661, 670 (Utah 1984).

6. *See also* U.C.A., 1953, § 10–8–38(2) (Repl.Vol. 2A, Supp.1985).

ment. Thus, neither section 49–6–1 nor section 10–7–10 are arbitrary, capricious, or discriminatory.

The ordinance places all property owners in the same class and treats them equally. Each is required to sign and agree to pay for water service to their premises. It is reasonable to impose that obligation upon property owners rather than tenants because it is the most effective means of insuring payment for water service.[7] The property owners are the most logical and reasonable persons to bear that responsibility because they are the most stable and it is they who benefit from the ability to rent the premises.

Also, the ordinance does not discriminate against tenants. All landlords are placed in one category and are required to be responsible for the payment of water service. It is not the City which places tenants, such as plaintiffs, in a separate category. Rather, it is the landlords who require tenants to be responsible for their water service. The City should not be denied the most effective means of payment for providing water service, and placing the burden on the property owner clearly serves that means. The ordinance therefore encompasses a legitimate purpose and objective and does not create an unconstitutional classification to achieve that objective.

The judgment of the trial court is affirmed. No costs awarded.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

7. *See Home Owners' Loan Corp. v. Logan City,* 97 Utah 235, 239, 92 P.2d 346, 348 (1939).