STATE of Utah, Plaintiff and Respondent,

v.

Paul A. LOUGHTON, Defendant and Appellant.

No. 20661.

Supreme Court of Utah.

Nov. 25, 1987.

Gary H. Weight, Provo, for defendant and appellant.

David L. Wilkinson, David B. Thompson, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant Paul Loughton was charged with sexual abuse of his three-year-old daughter. He was convicted of lewdness involving a child, a class A misdemeanor. He appeals.

In July of 1983, defendant and his wife separated. She filed for divorce in October of 1983, and the trial was set for February of 1984. She had custody of the couple's three-year-old daughter, and he had visitation rights during the separation pending the trial. In January of 1984 on the way home from a visit with her father, the little girl reportedly said to her mother: "Guess what, daddy didn't poke my bottom this time." Defendant's wife filed a criminal complaint charging him with sexually abusing their daughter.

The child was examined by a medical doctor, William Palmer, and a psychologist, Ann Tyler. They prepared reports for the criminal investigation and subsequent prosecution of defendant. Dr. Tyler interviewed the child on two occasions; both of the interviews were videotaped. Dr. Howell, a court-appointed psychologist, was present during the second interview. He also filed a report.

Defendant filed three pretrial motions seeking a bill of particulars and "produc-

tion of documents and things."[1] The prosecution delivered the doctors' reports and the mother's journal entries, but not the videotaped interviews. During the trial, the prosecution filed notice of its intent to introduce the videotapes as evidence at trial.

Defendant also filed pretrial motions seeking a judicial determination of the competency of the child as a witness and the admissibility of the child's out-of-court statements. Defendant challenged the validity of Utah Code Ann. § 76–5–410 (1978, Supp.1983),[2] which makes a child victim of sexual abuse under ten competent to testify without prior qualification, and § 76–5–411,[3] which allows for the admission of a child victim's out-of-court statements regarding sexual abuse. The district court ruled that section 76–5–410 was controlling and therefore declined to make a judicial determination as to the child's competency to testify. It also ruled that section 76–5–411 was valid on its face, but declined to decide what particular evidence would be admissible under that section until trial.

At trial, the child was called as a witness for the prosecution and was cross-examined by the defense. The child's out-of-court

1. Defendant specifically sought "[a]ny and all other written or recorded (by picture, tape or otherwise) documents ... including any and all statements or actions made by [the victim]."

2. At the time of trial, section 76–5–410 read:

Notwithstanding any other provision of law or rule of evidence, a child victim of sexual abuse, under the age of ten, shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding. The trier of fact shall be permitted to determine the weight and credibility to be given to the testimony.

3. Section 76–5–411 provided:

(1) Notwithstanding any other provision of law or rule of evidence, a child victim's out-of-court statement regarding sexual abuse of the child is admissible into evidence though it does not qualify under an existing hearsay exception, so long as: (1) the child testifies; or (2) in the event the child does not testify, there is other corroborative evidence of the abuse. Before admitting such a statement into evidence, the judge shall determine

whether the general purposes of the evidence are such that the interest of justice will best be served by admission of the statement into evidence. In addition, the court shall consider the age and maturity of the child, the nature and duration of the abuse, the relationship of the child to the offender, the reliability of the assertion, and the reliability of the child witness, in deciding whether to admit such a statement.

(2) A statement may be admitted under this exception only if the proponent of it makes it known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with an opportunity to prepare to meet it, his intention in offering the statement, and the particulars of it.

(3) For purposes of this section, a child is a person under the age of ten.

Both sections 76–5–410 and 76–5–411 were amended in 1985. 1985 Utah Laws ch. 74, §§ 1, 2. Cited above are the 1983 versions of the statutes since the trial predated the effective date of these amendments. However, it should be noted that the amendments would have no effect on the outcome of these proceedings.

statements made to her mother and to the doctors were admitted over defendant's objections, as were the videotapes of the interviews with Dr. Tyler. In its closing argument, the prosecution asked the court to consider lewdness involving a child, a misdemeanor under Utah Code Ann. § 76–9–702.5 (1978, Supp.1987),[4] as a lesser included offense. Defendant waived his right to a jury trial, and the trial judge found him guilty of lewdness involving a child.

## I.

■ Defendant contends that section 76–5–411 denied him his right to equal protection of the law because the statute arbitrarily distinguishes between victims under ten years of age and those over ten years of age.[5] He argues that an accused whose alleged victim is under ten can be convicted on hearsay testimony that would not be admissible if the alleged victim were over ten years of age, thus denying the accused equal protection.

The legislature's power to make classifications is not disputed. However, those classifications may not be arbitrary and capricious and must bear a reasonable relationship to the purpose of the legislation. *Lyte v. District Court of Salt Lake County*, 90 Utah 377, 62 P.2d 1117 (1936); *Texas Oklahoma Express v. Sorenson*, 652 P.2d 285 (Okla.1982); *see Thompson v. Salt Lake City Corp.*, 724 P.2d 958 (Utah 1986); *Malan v. Lewis*, 693 P.2d 661 (Utah 1984); *see generally* 16A Am.Jur.2d *Constitutional Law* §§ 740, 746, 753, 817 (1979).

Section 76–5–411 is designed to allow into evidence out-of-court statements made by child victims of sexual abuse regarding the incidents. Such statements, made nearer to the time of the incident and re- moved from the pressure of a courtroom situation, could be the most accurate accounts of the incident available. A young child may not be able or willing to testify when placed in a stressful courtroom situation. Thus, the need for the statements made by the victim at the time the incident allegedly occurred, prior to trial, is clear. While it may be difficult to distinguish between a particular nine- or ten-year-old, there are clear distinctions in physical and emotional maturity between the victim in this case, a three-year-old child, and children over ten. The legislative classification is not arbitrary or capricious. Rather, it is reasonably related to the purpose of the legislation. Older children are better able to recall and relate the details of the incident; they are more able to fix the time of occurrence. Thus the need to admit their prior out-of-court statements is not as great. We do not find that the classification denied defendant his right to equal protection.

## II.

■ Defendant maintains that he was denied the right of confrontation guaranteed him by both the state and federal constitutions. The United States Constitution, amendment VI and the Utah Constitution article I, section 12, give defendant the right to confront the witnesses called against him at trial. We have held that where a witness testifies at trial and is available for cross-examination, admission of the out-of-court statements of the witness under section 76–5–411 does not violate the defendant's right to confrontation. *State v. Nelson*, 725 P.2d 1353 (Utah 1986). This is in accord with the view taken by the United States Supreme Court in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

---

**4.** Section 76–9–702.5 provides:

(1) A person is guilty of lewdness involving a child if the person under circumstances not amounting to rape of a child, object rape of a child, sodomy upon a child, sexual abuse of a child, or an attempt to commit any of these offenses, performs an act of sexual intercourse or sodomy, exposes his or her genitals or private parts, masturbates, engages in trespassory voyeurism, or performs any other act of gross lewdness, under circumstances which he or she should know will likely cause affront or alarm, to, on, or in the presence of another who is under 14 years of age.

(2) Lewdness involving a child is a class A misdemeanor.

**5.** The 1985 amendment to section 76–5–411, 1985 Utah Laws ch. 74, § 2, raised this age to twelve.

In the instant case, the child witness testified at trial. On cross-examination, the defense was successful in eliciting the following testimony supporting its theory of the case that defendant was merely putting medicine on the child.

Q. ... Do you know if your daddy ever put medicine on you or vaseline when you were red and sore?

A. That is what he did, that is what he did.

Q. That is what he did?

A. Yes.

Q. So he only touched you or poked you when he put something on you right?

A. He put medicine on it.

Q. When you were red?

A. Poked, that is what I meaned.

Q. Okay, no further questions on cross-examination.

Defendant was able to effectively cross-examine the child despite her young age. The persons relating the child's out-of-court statements were also subject to cross-examination concerning the statements. We cannot say, given the facts, that defendant was denied his right of confrontation.

### III.

■ Can sections 76–5–410 and 76–5–411 be used to convict defendant of a charge "not amounting to sexual abuse"? Section 76–5–410 makes a "child victim of sexual abuse under the age of ten" competent to testify, and section 76–5–411 allows the admission of a "child victim's out-of-court statement regarding sexual abuse of that child." These extraordinary rules of evidence allow otherwise-inadmissible evidence to be used in trying a person charged with sexual abuse of a child. Defendant argues that these rules should not have been applied to convict him of lewdness involving a child which, by definition, is a crime "not amounting to ... sexual abuse" under section 76–9–702.5. He contends that the court determined the child was not a "victim of sexual abuse" as that term is defined. Thus, allowing the child to testify

under section 76–5–410 and admitting the child's out-of-court statements under section 76–5–411 were improper.

Defendant's reading of the statute would require that there be a determination that the child was in fact a "victim of sexual abuse" before the hearsay testimony could be admitted or before the child could be allowed to testify under sections 76–5–410 and 76–5–411. Such a determination would require a trial within a trial. The purpose of these sections is to allow the court to hear what is often the only evidence that an abuse has taken place, the statements of the alleged victim. If a determination must be made prior to the admission of such evidence that the child was in fact a victim of sexual abuse, this purpose is defeated. The term "victim" as used in those sections is merely to identify the declarant and thus means an "alleged victim." Such a reading is consistent with the plain meaning and intent of the legislation. To read these sections as defendant suggests would require the court in many cases to find the defendant guilty before the prosecution could present its evidence. These sections were not intended to produce such a result.

Defendant was charged with sexual abuse of a child. Since the child was an alleged victim of sexual abuse and the statements were made "regarding sexual abuse of that child," allowing her to testify and admitting her out-of-court statements were proper under sections 76–5–410 and 76–5–411. The fact that a child's testimony or out-of-court statements were received pursuant to sections 76–5–410 and 76–5–411 does not preclude the prosecution from seeking a conviction on a lesser included offense.

### IV.

■ Defendant's contention that sections 76–5–410 and 76–5–411 are void for vagueness is linked to his interpretation of those sections requiring a determination that the child is a victim before the statutes apply. We find defendant's contention without merit. The statutes as written do not leave "men of ordinary intelligence to guess at their meaning." *Lanzetta v. New Jersey,*

306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939). The interpretation given these sections in *State v. Nelson, supra, State v. Speer,* 718 P.2d 383 (Utah 1986), and the instant case clarifies any ambiguity alleged by defendant as to their scope or meaning.

## V.

Defendant maintains that sections 76–5–410 and 76–5–411 were superseded by the Utah Rules of Evidence. Utah Code Ann. § 78–2–4 (1977) gives the Supreme Court rule-making powers and states, in part: "[T]he Supreme Court shall fix the date when such rules shall take effect and thereafter all laws in conflict therewith providing for procedure in courts only shall be of no further force and effect." [6] Sections 76–5–410 and 76–5–411 were enacted by the legislature and made effective May 10, 1983. The Utah Rules of Evidence, modeled after the federal rules, were adopted April 13, 1983, and made effective September 1, 1983, subsequent to the legislative enactment of sections 76–5–410 and 76–5–411.

■ Section 76–5–410 declares a child victim of sexual abuse under the age of ten to be a competent witness. Rule 601 of the Utah Rules of Evidence, adopted by this Court, is not repugnant. It states: "Every person is competent to be a witness except as otherwise provided in these rules." Other than rule 605, which states that a judge may not testify at a trial at which he presides, and rule 606, which prohibits a juror from testifying at a trial in which he is sitting on the jury, the rules do not address the competency of witnesses. Rules 603 and 602 require that the witness take an oath and testify only to evidence of which he has personal knowledge, but they do not lay down special requirements as to competency.

It is argued that rule 104 requires the trial judge to make a preliminary determination as to competency. Rule 104 states, in part: "Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court...." Section 76–5–410 is not in conflict with rule 104 so as to render it of "no further force and effect." It no more conflicts with the rule than does rule 601. Rule 601 declares every person to be a competent witness; section 76–5–410 affects only a small subclass of that group. Rule 104 gives the court power to determine whether a witness is qualified. Such an inquiry probes whether a witness is qualified to be an expert witness, qualified to testify from personal knowledge, etc. Section 76–5–410 does not infringe upon this power and therefore is not in conflict with rule 104. In the absence of conflict between section 76–5–410 and the rules of evidence adopted by this Court, section 76–5–410 is not superseded.

■ Section 76–5–411 creates a special exception to the hearsay rule by allowing out-of-court statements of child victims of sexual abuse when the child testifies or there is other corroborative evidence of the abuse. Rule 802 of the Utah Rules of Evidence states: "Hearsay is not admissible except as provided *by law* or by these rules." (Emphasis added.) Thus, the rule adopted by the court allows the legislature to enact laws making exceptions to the rule.[7] The exception made in section 76–5–411 is consistent with other numerous exceptions to the hearsay rule in that there is a particular need for the admission of the statements and there is some guarantee of their trustworthiness (child testifies or there is other corroborative evidence). Since rule 802 allows the legislature to

---

**6.** 1986 Utah Laws ch. 47, § 42 repeals the former section 78–2–4, pertaining to rule-making powers of the Supreme Court, and enacts the present section 78–2–4, which reads, in part:

    (1) The Supreme Court shall adopt rules of procedure and evidence for use in the courts of the state and shall by rule manage the appellate process. The Legislature may amend the rules of procedure and evidence

adopted by the Supreme Court upon a vote of two-thirds of all members of both houses of the Legislature.

**7.** Any legislative amendment to the rules of evidence adopted by the Supreme Court must now comply with the rule-making powers of the Supreme Court as set forth in present section 78–2–4, enacted by 1986 Utah Laws ch. 47, § 42.

make hearsay exceptions, a properly promulgated legislative exception such as is contained in section 76–5–411 does not conflict with the rules adopted by this Court. Section 76–5–411 is therefore not superseded by the Utah Rules of Evidence.

## VI.

Defendant contends that the videotapes were not properly received into evidence. At the time of trial, section 76–5–411(2) provided:

A statement may be admitted under this exception only if the proponent of it makes it known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with an opportunity to prepare to meet it, his intention in offering the statement, and the particulars of it.

Defendant attempted to obtain the tapes through pretrial motions. The prosecution responded to these motions by supplying the reports of Dr. Palmer and Dr. Tyler and the diary of the child's mother. When defendant again attempted to obtain the tapes, the prosecution responded that it had already given defendant all the information required by law. At trial on February 28, 1985, to support Dr. Tyler's testimony, the prosecution offered the videotapes of the child's interviews with her. Defendant objected, stating that he had never seen the tapes and was not informed that they would be offered as evidence. Despite defendant's objection, the court viewed the tapes. Trial was continued until March 7. On March 4, the prosecution filed a notice of intent to introduce the tapes. When the trial reconvened on March 7, the court heard further argument on the use of the tapes, but stood by its decision to view them.

The notice filed by the prosecution on March 4 did not suffice, since section 76–5–411 specifically requires that the statement be given to the adverse party "sufficiently in advance of the trial or hearing to provide

[him] with an opportunity to prepare to meet it." [8] The report of Dr. Tyler was insufficient to inform defendant of the prosecution's "intentions in offering the statement, and the particulars of it." Dr. Tyler's report does not sufficiently detail the content of the videotapes to allow defendant an opportunity to meet the statements contained therein at trial. The child's statements in the reports of Drs. Tyler, Howell, and Powell and the mother's diary were not consistent. Providing defendant with these reports did not satisfy the statutory mandate of section 76–5–411. In order to admit videotaped statements under that section, the prosecution must provide the defendant with a copy "sufficiently in advance of the trial or proceeding, to provide him with an opportunity to prepare to meet it." § 76–5–411(3).

Section 76–5–411 allows into evidence hearsay statements that would not be admissible in other criminal or civil proceedings. Therefore, the safeguards built into that section must be strictly observed. If they are not, the accused has no opportunity to prepare to meet the statements. We find that the court erred in admitting the videotapes and that the error was prejudicial. The prosecution stated in its closing arguments that the videotapes were "the most compelling items of evidence." Had defendant been given an opportunity to view the tapes prior to their admission, he could have investigated the statements made and the methods used to obtain them and presented his defense accordingly. Defendant's conviction is reversed; he is entitled to a new trial on the charge of lewdness.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, Associate C.J., concurs in the result.

**8.** Utah Code Ann. § 77–35–15.5 (1978, Supp. 1987) deals specifically with recorded statements of child victims of sexual abuse; although this section was not in effect at the time of this trial, it contains a similar requirement that the defendant and his attorney be allowed to view the recording before it is shown to the court or the jury.