STATE of Utah, Plaintiff and Appellee,

v.

Glenn Paul NELSON, Defendant and Appellant.

No. 20982.

Supreme Court of Utah.

July 25, 1989.

---

J. MacArthur Wright, St. George, for defendant and appellant.

David L. Wilkinson and Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

HOWE, Associate Chief Justice:

Defendant was arrested and charged with sodomy on a child in violation of Utah Code Ann. § 76–5–403.1 (1978, Supp.1989) (amended 1988), stemming from an incident where he allegedly engaged in oral sex with a 13–year–old boy. At trial, the victim, in detailing the incident, described additional sexual acts involving his 15–year–old brother and defendant. Defendant was separately charged and tried for the offense against the brother. Stephen Allred, a marriage and family therapist, was qualified by the court as an expert in family therapy, which involves allegations of child sexual abuse. Over defendant's objections, Allred related out-of-court statements made by the victim in a counseling session. The prosecution sought to introduce these out-of-court statements under Utah Code Ann. § 76–5–411 (Supp.1989). That section was ruled inapplicable since it allowed at the time of trial only statements made by victims of sexual abuse *under* the age of twelve. The trial court, however, ruled that the statements *were* admissible under rule 803(24) of the Utah Rules of Evidence, the "catch-all" exception to the hearsay rule.

Allred also described the methodology he used to assess credibility. He applied that methodology to the out-of-court statements given by the victim and offered his opinion that the boy was telling the truth at the time the statements were made. The trial court clarified that Allred's assessment of credibility was regarding only the out-of-court statements, not the testimony given at trial. The jury returned a verdict of guilty. Defendant appeals.

I.

Defendant first contends that the court erred in allowing Allred to testify as to his opinion regarding the victim's credibility at the time the out-of-court statements were given. Allred's testimony detailed the methodology he used in determining whether or not a person was being truthful; this consisted basically of looking at internal consistency, external consistency, the richness of detail in the story, and the child's

motivation. He then applied that methodology to the out-of-court statements made by the victim. After so doing, he gave his opinion, over defendant's objection, that through his methodology, he determined that the statements were true.

In the recent case of *State v. Rimmasch,* 775 P.2d 388 (Utah 1989), we considered in great detail the scope of expert testimony which can be properly admitted in child abuse cases. Only one aspect of our analysis in that case is pertinent here. There we held that we could not take judicial notice of the reliability of the principles or methodologies underlying an expert's credibility appraisal. We wrote, "As a general matter, scientific expert testimony that purports to determine whether a witness is truthful on a particular occasion is not admissible, largely because there has been no demonstration that such a determination can be accurately made." *Rimmasch,* 775 P.2d at 406. We held that the prosecution in that case had made no effort to show that the experts who testified were capable of reliably determining whether the victim was telling the truth. "It should not be surprising that those who undertake to treat persons who may have suffered sexual abuse have no peculiar competence to judge the credibility of their patients," we wrote. *Rimmasch,* 775 P.2d at 407.

■ The opinion offered by Allred in the instant case was inadmissible for the same reasons. Although he was able to explain the methodology he used and apparently had personal confidence in it, the State made no attempt to prove that such methodology was reliable. Thus, the necessary foundation demonstrating reliability of Allred's methodology was entirely lacking. It was therefore error to allow him to express his opinion that the victim was telling the truth at the time he interviewed him. Since defendant's determination of guilt was based substantially on the jury's assessment of the credibility of the victim versus the credibility of the defendant, we cannot say that absent Allred's testimony bolstering the credibility of the victim, there would not have been a result more favorable to defendant. Our confidence in

the verdict is undermined. *State v. Knight,* 734 P.2d 913, 920 (Utah 1987). Therefore, defendant's conviction must be reversed and a new trial ordered.

## II.

■ We briefly address defendant's remaining points of error which may arise upon retrial. Defendant objected to the testimony of the victim as to sexual acts which defendant committed with his older brother but which were separately charged and tried in another case. It is true that as a general rule, evidence of other crimes, wrongs or acts is not admissible against a defendant in a criminal case. *See State v. Wareham,* 772 P.2d 960, 963 (Utah 1989). However, as we recognized in that case, there are many exceptions to the general rule. One of those exceptions is that evidence of other crimes, wrongs or bad acts is admissible where those other crimes are so linked with the crime charged in point of time and circumstance that one cannot be shown without proving the other. *Wareham,* 772 P.2d at 963. We cited *State v. Gillies,* 40 Utah 541, 546–47, 123 P. 93, 95 (1912), in support of that exception. In the instant case, the victim testified that he and his brother were with defendant in defendant's living quarters. Acts of sodomy were committed upon both boys on that one occasion. It would have been difficult, if not impossible, for the victim to have adequately related what took place at that time without mentioning defendant's interaction with his brother. While we recognize the prejudicial effect which evidence of other crimes, wrongs and bad acts can have on a defendant facing trial, under circumstances where the crimes against the two boys were committed at the same time and on the same occasion and in the presence of each other, the events were so intertwined that realistically they could not be separated. We therefore find no error in allowing the victim to testify as to what occurred even though it became necessary for him to mention defendant's criminal involvement with his brother.

### III.

■ Defendant lastly contends that the out-of-court statements of the victim should not have been admitted at trial. At the time of trial, Utah Code Ann. § 76–5–411 allowed the admission of out-of-court statements made by alleged victims of sexual abuse who were under twelve years of age pursuant to Utah Code Ann. § 77–35–15.5(1), (2) or (3) (Supp.1989) (amended 1988). Since the victim in this case was thirteen, that section was inapplicable; however, the trial court admitted the statements under rule 803(24) of the Utah Rules of Evidence, the residual exception to the hearsay rule.

Rule 803(24) states:

Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purpose of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

This exception, unlike the other enumerated hearsay exceptions, does not apply to a particular class or type of statement, but was intended for use in those rare cases where, although the out-of-court statement does not fit into a recognized exception, its admission is justified by the inherent reliability of the statement and the need for its admission.

■ In the instant case, the trial court found that the victim's out-of-court statements were more probative on the point for which it was offered than his testimony at trial due to the difficulty the victim had in testifying. While we recognize the trial court's discretion in making such a determination, the court failed to consider that the 15–year–old brother of the victim was present and also testified as to the substance of the out-of-court statements. We do not agree that the out-of-court statements offered at trial were more probative on the point for which they were offered than the testimony of both victim eyewitnesses to the alleged abuse. Therefore, even if there were "circumstantial guarantees of trustworthiness" equivalent to the enumerated exceptions, a point on which the trial court made no finding, we do not agree that the statements were admissible under rule 803(24).

In admitting the out-of-court statements, the trial court relied heavily upon the fact that there was no real difference in maturity between a typical 11–year–old whose statement would qualify under section 76–5–411 and the 13–year–old victim in this case. However, the fact that a given statement may come under section 76–5–411 does not necessarily mean it would be admitted. Under that section, the court must carefully weigh the reliability of the statement and the need to admit it into evidence. The court must make findings detailing its reasoning in admitting a statement under section 76–5–411. *See State v. Nelson,* 725 P.2d 1353, 1355–56, n. 3 (Utah 1986). A trial court would be incorrect to assume that all out-of-court statements made by a victim under twelve years of age are admissible. Therefore, to admit a statement by an older child based on the conclusion that he acts or appears to be under twelve ignores both the language and the spirit of section 76–5–411.

Reversed and remanded for a new trial.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.