2012 UT 80

**STATE of Utah, Plaintiff and Respondent,**

v.

**PHONG NGUYEN, Defendant and Petitioner.**

**No. 20110113.**

Supreme Court of Utah.

Dec. 4, 2012.

Mark Shurtleff, Att'y Gen., Christine F. Soltis, Ryan D. Tenney, Asst Att'ys Gen., Salt Lake City, for respondent.

Debra M. Nelson, Salt Lake City, for petitioner.

Heidi M. Nestel, Salt Lake City, for amicus.

On Certiorari from the Utah Court of Appeals

Justice PARRISH, opinion of the Court:

## INTRODUCTION

¶ 1 Petitioner Phong Nguyen asserts that the court of appeals erred in affirming his 2008 convictions. A jury convicted him of two counts of aggravated sexual abuse of a child, two counts of sodomy on a child, and one count of attempted rape of a child. The court of appeals affirmed. On certiorari, Nguyen argues that the court of appeals erred in affirming the trial court's ruling that the state was not required to make a separate showing of good cause to admit the alleged victim's recorded statements under rule 15.5 of the Utah Rules of Criminal Procedure. We hold that a separate showing of good cause to admit a recorded statement is not required under rule 15.5. Rather, good cause is established when the trial court considers all the factors in the rule and determines that the recorded statement is ac-

curate, reliable and trustworthy, and that admission of the recorded statement is in the interest of justice. We therefore affirm the court of appeals.

## BACKGROUND

¶ 2 In 2007, Nguyen was charged with multiple sex offenses involving his step-daughter, A.H.[1] A.H. accused Nguyen of sexually molesting her on three occasions, beginning when she was ten years old. The first incident took place in December 2006. When A.H.'s mother left the house, Nguyen told A.H. to watch a sexual movie with him, touched her under her underwear, made her take a shower with him, and performed oral sex on her. The second incident occurred in June 2007 when Nguyen took A.H. to a back room of her mother's store. Nguyen performed oral sex on A.H., unzipped his pants, and was about to "put his [penis] into her," but she began to scream. The third incident also took place in June 2007 when Nguyen came home and began touching A.H.'s genitals on top of and underneath her clothing.

¶ 3 That same month, A.H. reported the incidents to two adult cousins and later to her mother. In September 2007, shortly before her twelfth birthday, A.H. was interviewed on videotape by a detective at the Children's Justice Center. A.H. described in detail the sexual abuse and the circumstances under which it occurred. Nguyen was charged with two counts of aggravated sexual abuse, two counts of sodomy on a child, and one count of attempted rape.

¶ 4 Before trial, the prosecution sought admission of the video recording pursuant to the then-applicable provisions of Utah Code section 76–5–411 and rule 15.5(1) of the Rules of Criminal Procedure. Over Nguyen's objection, the trial court granted the motion, but required the State to redact portions of the recording that were not directly relevant to the crimes charged, including three minutes of A.H. crying. The trial court concluded that the interview met the reliability requirements of section 76–5–411 and rule 15.5 and that admitting it was in the interest of justice, but did not make a separate finding that

there was good cause to admit the videotaped interview.

¶ 5 The video was played to the jury and A.H. was subsequently called as a witness where she "confirm[ed] that the statements she made in her interview were true and answer[ed] general questions regarding the abuse and her subsequent disclosure." *State v. Nguyen*, 2011 UT App 2, ¶ 4, 246 P.3d 535. Nguyen chose not to cross-examine A.H. or to otherwise present any evidence. *Id.* The jury convicted Nguyen on all counts. *Id.* ¶ 6.

¶ 6 Nguyen appealed, asserting that the trial court erred by admitting the videotaped interview because the trial court did not find "good cause" to admit it. The State responded by arguing that rule 15.5 does not require a separate finding of "good cause."

¶ 7 The court of appeals affirmed. *Nguyen*, 2011 UT App 2, ¶¶ 1, 30, 246 P.3d 535. It noted that the trial court had addressed the specific criteria enumerated in both section 76–5–411 and rule 15.5, including the "interest of justice" requirement. *Id.* ¶ 11. The court of appeals was "not convinced" that good cause meant there was a "need for the evidence," but instead reasoned that "[t]he good cause reference is qualified by the language 'if all of the following conditions are met.'" *Id.* ¶ 14. It therefore held "that the trial court did not err by not making specific findings that the out-of-court statement was necessary." *Id.* ¶ 23. Nguyen petitioned for certiorari review. We granted certiorari on the issue of "[w]hether the court of appeals erred in concluding the district court's findings demonstrated good cause pursuant to rule 15.5 of the Rules of Criminal Procedure for the admission of recorded statements."

## STANDARD OF REVIEW

¶ 8 We review decisions of the court of appeals for correctness. *State v. Arave*, 2011 UT 84, ¶ 24, 268 P.3d 163. Interpretation of a rule presents a question of law that we also review for correctness. *Drew v. Lee*, 2011 UT 15, ¶ 7, 250 P.3d 48.

---

1. The pleadings below referred to Nguyen as A.H.'s "stepfather." Nguyen and A.H.'s mother

had lived together for several years but were not married.

## ANALYSIS

### I. THE DISTRICT COURT WAS NOT REQUIRED TO MAKE A SPECIFIC FINDING OF NECESSITY BEFORE ADMITTING THE VIDEO–RECORDED TESTIMONY OF AN ALLEGED CHILD SEXUAL ABUSE VICTIM

¶ 9 The district court admitted A.H.'s recorded statement over Nguyen's objection. On appeal, Nguyen argues that the phrase "for good cause" contained in rule 15.5 imposes a necessity requirement that is "distinct ... separate and apart" from the specified requirements of accuracy, reliability and trustworthiness, and the interest of justice. Specifically, Nguyen asserts that the phrase "good cause" precludes the admission of a child's recorded statements unless the child is declared unavailable before trial or the child attempts, but proves incapable of, testifying at trial.

¶ 10 The State argues that the "good cause" language in the context of rule 15.5 is satisfied if all conditions of the statute and rule are met. Specifically, it asserts that "good cause" for the recording's admission was established when the trial court found that the recording was accurate, that A.H.'s statements were reliable and trustworthy, and that admission of the recording served the interest of justice.

¶ 11 We agree with the state and hold that good cause under rule 15.5 is met when the trial court considers the factors specified in the rule and determines that the recorded statement is accurate, reliable and trustworthy, and that its admission is in the interest of justice.

### A. "Good Cause" in Rule 15.5 Refers to the Specified Requirements of Accuracy, Reliability and Trustworthiness, and the Interest of Justice

¶ 12 At the time Nguyen was tried, Utah Code section 76–5–411 and rule 15.5 of Criminal Procedure dictated the requirements for the admission of an alleged child victim's recorded testimony in a criminal case. These provisions were largely duplicative and section 76–5–411 has since been incorporated into rule 15.5.[2] In front of this court, Nguyen argued for a separate "good cause" requirement based on the language of rule 15.5.

¶ 13 Rule 15.5 stated, in relevant part,

(1) In any case concerning a charge of child abuse or of a sexual offense against a child, the oral statement of a victim or witness younger than 14 years of age may be recorded prior to the filing of an information or indictment, and *upon motion and for good cause shown* is admissible as evidence in any court proceeding regarding the offense if all of the following conditions are met:

. . . .

(1)(g) the court views the recording before it is shown to the jury and determines that it is sufficiently reliable and trustworthy and that the interest of justice will best be served by admission of the statement into evidence; and

(1)(h) the child is available to testify and to be cross-examined at trial ... or the court determines that the child is unavailable....

UTAH R.CRIM. P. 15.5 (2007) (emphasis added).

¶ 14 We begin our analysis by examining the language of rule 15.5. *Arbogast Family Trust v. River Crossings, LLC,* 2010 UT 40, ¶ 16, 238 P.3d 1035 (stating the primary objective when interpreting a procedural rule is to give effect to the intent of those who promulgated it by looking at its plain language).

¶ 15 "Good cause" is defined as a "legally sufficient reason." BLACK'S LAW DICTIONARY 251 (9th ed.2009). Nguyen asserts, however,

---

**2.** Section 76–5–411 was subsequently repealed, and rule 15.5 was amended to conform to the United States Supreme Court's determination that unavailability does not excuse compliance with the Confrontation Clause. *See Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). With the exception of added commas to set off the clause "upon motion and for good cause shown," the language of the current version of rule 15.5(a) repeats verbatim the "good cause" language. The relevant subpart of that rule still includes a requirement that admission of statements recorded prior to the filing of charges be in the "interest of justice."

that good cause equates to some kind of comparative need analysis that must be completed before the court may find a video-recorded statement by a child admissible. Specifically, Nguyen argues that rule 15.5(1) precludes the admission of a child's recorded statements unless the child is declared unavailable before trial or the child attempts, but proves incapable of, testifying at trial. We are unpersuaded by Nguyen's argument because his proposed requirement of "need to admit" goes far beyond the dictionary definition of "good cause."

¶ 16 Equating "good cause" with "need" is not only contrary to ordinarily accepted meanings, it is contrary to this court's precedent. This court has never required a separate "need" analysis under rule 15.5(1) or section 76–5–411. *See, e.g., State v. Pecht,* 2002 UT 41, ¶ 25, 48 P.3d 931 ("[T]he list of factors provided by section 76–5–411 isn't exclusive but is simply intended to prompt a comprehensive inquiry into all the circumstances surrounding the out[-]of[-]court statement in order to determine ... reliability." (alteration in original) (internal quotation marks omitted)); *State v. Lamper,* 779 P.2d 1125, 1129 (Utah 1989) (stating that "trial court[s] faced with the admissibility of out-of-court statements by an alleged victim of child sexual abuse must determine the admissibility of that evidence under section 76–5–411 and, in making that determination, must enter express findings and conclusions explaining why it finds that the interest of justice will best be served by admission of that statement." (internal quotation marks omitted)).

¶ 17 In support of his proposition that "good cause" equates to a showing of need to admit, Nguyen relies on *State v. Matsamas,* 808 P.2d 1048 (Utah 1991) and *State v. Loughton,* 747 P.2d 426 (Utah 1987). Reliance on these cases is misplaced. In *Matsa-*

*mas,* this court specifically stated that the trial court should have focused on the reliability of the hearsay statement and not "only on the supposed need for it." 808 P.2d at 1052. And although this court made reference in *Loughton* to "the need to admit [the] prior out-of-court statements," the analysis in *Loughton* was provided to rebut an argument challenging the legislative distinction between teens and young children, and does not support Nguyen's contention that there must be a comparative need analysis. 747 P.2d at 429.[3]

¶ 18 Nguyen's proposed construction is also incompatible with the structure of the statute. Nguyen's assertion that "good cause" requires either that the child be unavailable before trial or that the child attempt to testify at trial, but prove incapable of doing so, would essentially render the unavailability requirement of rule 15.5(1) superfluous. Such a construction is therefore inconsistent with the cardinal rule of statutory interpretation that we interpret statutes "so that no part or provision will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another." *State ex rel. J.M.S.,* 2011 UT 75, ¶ 22, 280 P.3d 410 (internal quotation marks omitted) (alteration omitted).

¶ 19 Under the plain language of rule 15.5, if the child declarant is available to testify at trial, her testimony may be admitted based on findings of accuracy, reliability and trustworthiness, and the interest of justice. UTAH R. CRIM P. 15.5(a). But, if the child will not be testifying, there is an additional requirement before a recorded statement may be admitted. Specifically, the defendant must have had a prior opportunity to cross-examine the child concerning the statement.[4] *See id.* Nguyen's argument that "good cause" is not shown unless the child is either unavail-

---

3. Nguyen further claims that *State v. Nelson,* 777 P.2d 479 (Utah 1989) supports his argument that Utah Code section 76–5–411 requires a finding of "need to admit." In *Nelson,* this court stated that section 76–5–411 required courts to "carefully weigh the reliability of [recorded] statement[s] and the need to admit [them] into evidence." *Id.* at 482. But the question at issue in *Nelson* did not require an assessment of need and thus this statement was merely dicta.

4. Former section 76–5–411(2) similarly admitted reliable child hearsay "in the interest of justice" when the child declarant was available to testify. But if the child did not testify at trial, section 76–5–411(1)(b) required "other corroborative evidence" before the hearsay could be admitted.

able or unable to testify at trial would render these unavailable requirements superfluous.

¶ 20 Recognizing that rule 15.5 does not impose a comparative need requirement is also consistent with the policies supporting the admission of recorded statements of child victims. These policies include increasing the likelihood of accurate testimony and protecting child victims from the trauma of testifying in court.[5]

¶ 21 One purpose of rule 15.5 is to ensure that the jury hears the most accurate testimony from the child victim. As this court previously recognized in *Loughton,* a video-recorded interview of a child might be more reliable than in-court testimony in cases of child abuse or child sexual abuse because it is made closer in time to the incident and is removed from the stressful setting of a trial. 747 P.2d at 429 (recognizing that videotaped testimony of an alleged child abuse victim "made nearer to the time of the incident and removed from the pressure of a courtroom situation [can] be the most accurate account[ ] of the incident available"); *see also* Recording of Utah Floor Debates, 46th Leg., Gen. Sess. (Feb. 7, 1985) (statement of Rep. Skouson) (stating that one purpose of the child witness exception was to give "the trier of fact ... a much better chance of getting the truth from all participants"). But interpreting rule 15.5 as Nguyen suggests would have the opposite effect by excluding reliable video-recorded testimony of children simply because they are available to testify in court.

¶ 22 A second purpose of rule 15.5 is to prevent child victims from being further traumatized by the experience of testifying of their abuse in court. As the Utah Crime Victims note in an amicus brief, when forced to testify in court, children are often victimized twice: "first, when the crime is committed against them, and second, when the child is subjected to examination in the unfamiliar environment of the courtroom."

¶ 23 In arguing that good cause requires a finding of necessity that was not made in this case, Nguyen focuses on the age and maturity of A.H., reciting that A.H. was "not some little child.... She certainly ha[d] an intact memory, very articulate, very rational, well oriented to surroundings.... And she appears to be confident and positive in her assertions." In allowing for the admission of recorded statements, however, the Legislature intended to protect all child victims, even those who are older and articulate. Indeed, the amicus brief correctly noted that "the legislature twice increased the age of children covered by the statutory definition, manifesting a clear intent to protect older children from the trauma associated with testifying [ ] a protection which originally had been afforded only to younger children." As the court of appeals noted, "[w]here the child witness exception now applies to victims approaching the age of fourteen years, it is apparent that many protected children are intelligent, articulate, and capable of accurately recalling events long after they have occurred." *Nguyen,* 2011 UT App 2, ¶ 22, 246 P.3d 535.

¶ 24 Nguyen further asserts that A.H. should have been "required to recount [the] details of the three incidents in order to establish the elements of the offenses." This would require that A.H. "testify, in detail and in front of a jury, [Nguyen], the judge, court staff, attorneys, and the public, about the embarrassing and very personal sexual abuse which includes [Nguyen] performing oral sex on [her], making her shower and touch him[,] and his repeated fondling of [her] breasts and genitals." But this is precisely the result the Legislature meant to avoid. Allowing admission of a video-recorded interview protects children from the trauma and embarrassment of recounting the details of their abuse in court. *See* Recording of Utah Floor Debates, 46th Leg., Gen. Sess. (Feb. 7, 1985) (statement of Rep. Skousen).

¶ 25 Nguyen argues that a video-recorded statement is a "lesser" form of evidence than in-court testimony. However, the cases he cites in support of this proposition are unpersuasive as none of them involve an alleged

---

5. A rule must be interpreted contextually. *See State ex rel. J.M.S.,* 2011 UT 75, ¶¶ 15, 22, 280 P.3d 410. Any interpretation must be assessed in the context of the provision's overall purpose and intent. *See State v. Davis,* 2011 UT 57, ¶ 21, 266 P.3d 765.

child abuse victim. *See, e.g., United States v. Inadi,* 475 U.S. 387, 394, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986) (stating with regards to former testimony that "[i]f the declarant is available and the same information can be presented to the trier of fact in the form of live testimony ... there is little justification for relying on the weaker version"). In the case of alleged child abuse victims, there are two strong justifications. These are to ensure that the finder of fact hears the most accurate testimony in court and to protect child victims from the trauma of testifying in court.

¶ 26 We are aware of the need to balance the protection of children against a criminal defendant's constitutional right to confrontation. But rule 15.5 strikes an appropriate balance. It allows admission of video-recorded interviews from child victims of abuse so long as the other elements of the rule are met, while still ensuring that the defendant has the opportunity to cross-examine the alleged victim.

### CONCLUSION

¶ 27 We affirm the court of appeals. Where the trial court considers the factors enumerated in rule 15.5, reviews the recorded statement, and concludes that the interest of justice will be served by its admission, that determination also necessarily satisfies the requirement that there be good cause to admit the recorded statement. Here, "the trial court made detailed written findings of fact on [the factors required by section 76–5–411 and rule 15.5] and concluded that [A. H.]'s interview was reliable and that the interest of justice would best be served by its admission." *State v. Nguyen,* 2011 UT App 2, ¶ 11, 246 P.3d 535. We therefore affirm the court of appeals' determination that the videotaped interview was properly admitted.

Justice PARRISH authored the opinion of the Court, in which Chief Justice DURRANT, Associate Chief Justice NEHRING, Justice DURHAM, and Justice LEE joined.