2014 UT App 165

**STATE of Utah, Plaintiff and Appellee,**

v.

**Asgia Ji HANIGAN, Defendant and Appellant.**

**No. 20120718–CA.**

Court of Appeals of Utah.

July 17, 2014.

Grant W.P. Morrison and Court J. Klekas II, for Appellant.

Sean D. Reyes and Brett J. DelPorto, for Appellee.

Judge GREGORY K. ORME authored this Memorandum Decision, in which Judges STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN concurred.

Memorandum Decision

ORME, Judge:

¶ 1 Defendant Asgia Ji Hanigan was convicted on two counts of sodomy of a child and one count of aggravated sexual abuse of a child. He now appeals those convictions, claiming that he received ineffective assistance of counsel. We affirm.

¶ 2 To prevail on an ineffective assistance of counsel claim, a defendant must first "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When evaluating trial counsel's conduct, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687.

¶ 3 Defendant first contends that his trial counsel was ineffective for failing to object to the admission of a videotaped interview of the victim. At trial, the State sought to introduce into evidence a videotaped interview of the victim and to show the interview in lieu of conducting direct examination of the victim. Defendant argues that his trial counsel should have objected to this evidence because the recorded testimony was unreliable and was not corroborated by other evidence.

¶ 4 The Utah Rules of Criminal Procedure provide for the admission of previously recorded testimony of child victims of sexual or physical abuse when certain conditions are met. Utah R.Crim. P. 15.5(a). In this case, the trial court recognized that the State was attempting to bring in this evidence under rule 15.5, carefully considered whether the statutory conditions were met, and made detailed findings about the fulfillment of each condition. And the trial court explicitly found that there was "other corroborative evidence of abuse," that the recording was "sufficiently reliable and trustworthy," and that the recording should be admitted in the interest of justice. When a trial court "considers the factors specified in [rule 15.5] and determines that the recorded statement is accurate, reliable and trustworthy, and that its admission is in the interest of justice," the recording is admissible. *See State v. Nguyen*, 2012 UT 80, ¶ 11, 293 P.3d 236 (holding also that the rule 15.5 requirement of "good cause" is met when the court considers all of the statutory factors). Therefore, because the recorded testimony of the victim was properly admitted under rule 15.5 of the Utah Rules of Criminal Procedure, an objection to its admission would have been futile. And "[f]ailure to raise futile objections does not constitute ineffective assistance of counsel."[1] *State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546.

¶ 5 Defendant next argues that he received ineffective assistance of counsel when his trial counsel failed to object to the admission of certain exhibits, including magazines showing adults dressed in diapers engaging in masochistic sex, letters allegedly written to Defendant discussing sex and diaper fetishes, photographs of Defendant in a diaper and sucking on a baby bottle, and photographs of adults and minors dressed in diaper-fetish attire. While trial counsel's decision not to object to the admission of these exhibits might seem curious in retrospect, we can conceive of a tactical basis for allowing at least some of the exhibits to be admitted. *See State v. Clark*, 2004 UT 25, ¶¶ 6–7, 89 P.3d 162 (noting that the court gives wide latitude to trial counsel in making decisions and will categorize them as deficient only if there is no *conceivable* tactical basis supporting them). Specifically, trial counsel may have viewed the photographs of Defendant wearing diapers and drinking from a baby bottle as an alternative way to present information about Defendant's claimed medical conditions. Indeed, prior to the admission of the exhibits, Defendant had testified that, as a result of a gunshot wound, he was incontinent and was required to "constantly" wear diapers until he began using a catheter in 1992, and he testified that drinking out of a baby bottle was "the only way [he] could get liquid sometimes." Of course, pursuing this tactic would have created the risk that many of the other exhibits would have come in at the State's behest to undercut Defendant's claim that he wore diapers and drank from a baby bottle only as a matter of medical necessity.

¶ 6 But even if Defendant's counsel had vigorously objected to any of the exhibits being admitted, many of them would have been admitted notwithstanding the objection. *See generally State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546 (holding that "[f]ailure to raise futile objections does not constitute ineffective assistance of counsel"). Much of the evidence admitted during the State's cross-examination of Defendant undercut his testimony that he had a medical disability that should have been visible to the victim and that was sexually disabling. Therefore, the trial court would likely have admitted the exhibits at the State's behest—even had trial counsel objected—as tending to show that a medical condition was not the reason Defendant often wore adult diapers.

---

1. Defendant also contends that the recording was improperly admitted under section 76–5–411 of the Utah Code, which was repealed in 2009. *See* Act of March 4, 2009, 2009 Laws of Utah 535, 544 (repealing Utah Code section 76–5–411, effective May 12, 2009). However, an out-of-court statement of a child victim of sex abuse would have been admissible under section 76–5– 411 if it qualified for admission under rule 15.5(1) of the Utah Rules of Criminal Procedure. *See* Utah Code Ann. § 76–5–411(1)(c) (LexisNexis 2008) (repealed 2009). Because we determine that the recording was properly admitted under rule 15.5, we do not otherwise address Defendant's arguments regarding the requirements of section 76–5–411.

¶ 7 Concededly, many of the exhibits introduced by the State may have been excluded in the face of active opposition by trial counsel either because they did not tend to make Defendant's medical condition more or less probable or because they were more unfairly prejudicial than they were probative. *See* Utah R. Evid. 401, 403. But even assuming that trial counsel was deficient for failing to object to the admission of the exhibits or for opening the door to their admission, and even assuming that some of the exhibits introduced by the State would have been excluded had trial counsel objected, we conclude that any error on counsel's part "had no effect on the judgment." *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also id.* at 670, 104 S.Ct. 2052 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed."). This case was tried to the court, not a jury. "Although the nature of the proceedings should not affect the admissibility of evidence, we recognize a presumption that the court considers only admissible evidence and disregards any inadmissible evidence." *State v. Adams*, 2011 UT App 163, ¶ 12, 257 P.3d 470. "As a corollary to this general princip[le], judges in bench trials are presumed to be less likely than juries to be prejudiced by" problematic evidence. *Id. See State v. Park*, 17 Utah 2d 90, 404 P.2d 677, 679 (1965) ("[T]he rulings on evidence are looked upon with a greater degree of indulgence when the trial is to the court than when it is to the jury.").

¶ 8 Here, the trial court was quick to recognize that, in relation to the behavior depicted in the exhibits, "there's no evidence that people who engage in [this] conduct are more likely to be sexual abusers." However, the judge noted, "What I think is more important to me, really, is he lied about [the nature of the pictures]." Defendant had explained why he had the photographs, letters, and magazines in his possession, but ultimately the court found Defendant's explanations unsatisfactory and improbable, thus bearing rather directly on his general credibility. The trial judge then concluded, "And the long and short of it is that after reviewing all of the evidence and the testimony, especially of [the victim], I believe [the victim]. And I've given all the reasons that I can think of. But the bottom line is I had an opportunity to see both of them, listen to them." The trial court then found Defendant guilty of each offense with which he was charged. In light of this explanation by the trial court and the "presumption that the court considers only admissible evidence and disregards any inadmissible evidence," *Adams*, 2011 UT App 163, ¶ 12, 257 P.3d 470, "we conclude that there is little likelihood of a different verdict had the evidence not been admitted and any error in its admission was therefore harmless," *id.* ¶ 20.

¶ 9 Finally, Defendant contends that his trial counsel failed to investigate or introduce evidence of Defendant's alleged medical condition. Defendant maintains that he had a semi-permanent catheter and a urine bag attached to him with medical tape at the time of the alleged sexual abuse that would have made such abuse impossible. Additionally, he asserts that because the victim could not remember these items being on Defendant, the introduction of medical records would have served to undermine the victim's testimony.

¶ 10 Trial counsel must "adequately investigate the underlying facts of a case." *State v. Templin*, 805 P.2d 182, 188 (Utah 1990). *See Gregg v. State*, 2012 UT 32, ¶ 24, 279 P.3d 396 ("Trial counsel's failure to conduct a reasonable investigation into the underlying facts of a case constitutes deficient performance under the first *Strickland* prong."). And trial counsel's investigatory decision-making "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

¶ 11 In this case, trial counsel investigated Defendant's medical history by hiring a private detective agency. In its report to trial counsel, the agency stated, "We requested a medical record search on all known names at the Pioneer Hospital in West Valley City," where Defendant said he had been treated. "They conducted a search and

found no records. They indicated records are destroyed after seven years." This report suggests that additional investigations would likely have been fruitless and Defendant has not persuaded us that his trial counsel could have done more. Moreover, there is no record evidence indicating that additional investigative measures would have yielded different results or that the alleged medical records even exist.

¶ 12 In sum, we conclude that Defendant's trial counsel did not perform deficiently in failing to object to the admission of the victim's recorded testimony and that any alleged deficiencies in failing to object to the admission of other exhibits did not affect the likelihood of a different verdict. Additionally, trial counsel adequately investigated Defendant's medical history.

¶ 13 Affirmed.